UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| CLINTON A. PATTERSON, INDIVIDUALLY, AND CLINTON A. PATTERSON AS ADMINISTRATOR OF THE ESTATE OF KATIE R. PATTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC, AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTER ASSET BACKED SECURITIES TRUST 2006-AB1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AB1, <br><br> Defendants. | Case No.: 1:21-cv-00074-JRH-BKE |

**DEFENDANT SPECIALIZED LOAN SERVICING, LLC AND DEFENDANT U.S. BANK NATIONAL ASSOCATION'S ANSWER, AFFIRMATIVE DEFENSES AND U.S. BANK NATIONAL ASSOCIATION'S COUNTERCLAIM**

Defendant Specialized Loan Servicing, LLC ("SLS") and Defendant U.S. Bank National Association ("U.S. Bank") as Trustee for the Master Asset Backed Securities Trust 2006-AB1, Mortgage Pass-Through Certificates, Series 2006-AB1 (the "Trust") (SLS and U.S. Bank collectively, "Defendants") hereby answers the allegations in Plaintiff's Renewal Complaint, filed on March 19, 2021 as follows:

**Jurisdiction and Venue**

1. SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2. SLS and U.S. Bank state that the referenced Order speaks for itself as to its form and contents, and to the extent the allegations of Paragraph 2 are inconsistent therewith, such allegations are denied.

3. Paragraph 3 defines the term "Plaintiffs" and as such no response is required.

4. To the extent Paragraph 4 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank admit that SLS is a mortgage servicer formed in the state of Delaware with its headquarters in Greenwood Village, Colorado. SLS further admits that it may be served through its registered agent, United Agent Group, Inc. SLS and U.S. Bank further state that for the reasons set forth in the Notice of Removal, jurisdiction and venue are appropriate in the United States District Court for the Southern District of Georgia.

5. SLS and U.S. Bank admit only that U.S. Bank is not a citizen of Georgia, and further state that for the reasons set forth in the Notice of Removal, jurisdiction and venue are appropriate in the United States District Court for the Southern District of Georgia. SLS and U.S. Bank deny the remaining allegations of Paragraph 5.

6. Paragraph 6 defines the term "defendants" and as such no response is required.

7. To the extent Paragraph 7 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank state that for the reasons set forth in the Notice of Removal, jurisdiction and venue are appropriate in the United States District Court for the Southern District of Georgia.

8. To the extent Paragraph 8 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank state that for the reasons set

forth in the Notice of Removal, jurisdiction and venue are appropriate in the United States District Court for the Southern District of Georgia.

## Factual Background

9. SLS and U.S. Bank state that the Warranty Deed attached as Exhibit A speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations.

10. SLS and U.S. Bank state that the Security Deed attached as Exhibit B speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations.

11. SLS and U.S. Bank state that the Note and Security Deed attached as Exhibit C speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations.

12. SLS and U.S. Bank admit the allegations of Paragraph 12.

13. SLS and U.S. Bank admit the allegations of Paragraph 13.

14. SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15. SLS and U.S. Bank state that the Order Appointing Administrator and Letters of Administration attached as Exhibit D speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations.

16. SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17. SLS and U.S. Bank state that the Vesting Deed attached as Exhibit E speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations.

18. SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19. SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 19 of the Complaint and therefore denies them. To the extent the allegations of Paragraph 19 imply that SLS and U.S. Bank improperly deemed the loan to be in default, SLS and U.S. Bank deny these allegations.

20. SLS and U.S. Bank state that the letter attached as Exhibit F speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations.

21. SLS and U.S. Bank admit the allegations of Paragraph 21 that it received a wire transfer on behalf of the Estate of Katie R. Patterson. SLS and U.S. Bank deny the allegations of Paragraph 21 to the extent it states that the wire transfer was delivered on behalf of Plaintiff Clinton A. Patterson.

22. SLS and U.S. Bank deny the allegations of Paragraph 22. SLS and U.S. Bank further state that U.S. Bank was the highest bidder at the sale, but given the Estate's representations and efforts to pay off the Loan, U.S. Bank did not execute or record the Deed Under Power of Sale evidencing the sale and the foreclosure sale was rescinded.

23. SLS and U.S. Bank state that the letter attached as Exhibit G speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent

therewith, SLS and U.S. Bank deny such allegations. SLS and U.S. Bank further deny that no foreclosure took place.

24. SLS and U.S. Bank deny the allegations of Paragraph 24 of the Complaint.

25. SLS and U.S. Bank state that the letter attached as Exhibit H speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations. SLS and U.S. Bank further state that an on April 2, 2019, SLS sent an updated payoff statement that advised the Estate that the payoff for the loan was $221,103.82.

26. SLS and U.S. Bank admit that it received a second wire transfer of $16,114.91 on April 11, 2019. SLS and U.S. Bank further state that this amount was not sufficient to pay off the loan, as was clear from the April 2, 2019 payoff statement. SLS and U.S. Bank deny the remaining allegations of Paragraph 26.

27. SLS and U.S. Bank deny the allegations of Paragraph 27 of the Complaint.

28. SLS and U.S. Bank admit that it received a second wire transfer of $16,114.91 on April 11, 2019. To the extent the allegations of Paragraph 28 of the Complaint imply that the second wire transfer paid off the loan in full, SLS and U.S. Bank deny such allegations.

29. SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 29 of the Complaint and therefore denies them.

30. To the extent Paragraph 30 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 30 of the Complaint.

31. SLS and U.S. Bank admit that U.S. Bank did not cancel the Security Deed and Assignment, but deny that Plaintiffs paid the loan in full. SLS and U.S. Bank further deny the

allegations of Paragraph 31 to the extent they allege that SLS is a party to the Security Deed and Assignment.

32. SLS and U.S. Bank admit that they have records of communications with Knox and Swan Attorneys, but they lack sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33. SLS and U.S. Bank deny the allegations of Paragraph 33 of the Complaint.

34. SLS and U.S. Bank state that the letter attached as Exhibit I speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations. SLS and U.S. Bank further deny the allegations set forth in Exhibit I.

35. SLS and U.S. Bank state that the letter attached as Exhibit I speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations. SLS and U.S. Bank further deny the allegations set forth in Exhibit I.

36. SLS and U.S. Bank deny the allegations of Paragraph 36 of the Complaint.

37. SLS and U.S. Bank state that the letter attached as Exhibit J speaks for itself and therefore, no response is required. To the extent the allegations of the Complaint are inconsistent therewith, SLS and U.S. Bank deny such allegations. SLS and U.S. Bank further deny the allegations set forth in Exhibit J.

38. SLS and U.S. Bank deny the allegations of Paragraph 38 of the Complaint.

39. SLS and U.S. Bank deny the allegations of Paragraph 39 of the Complaint.

40. SLS and U.S. Bank deny the allegations of Paragraph 40 of the Complaint.

41. SLS and U.S. Bank deny the allegations of Paragraph 41 of the Complaint.

## Count One – Bad Faith Failure to Cancel a Security Agreement

42. The Georgia Code section recited in Paragraph 42 of the Complaint speaks for itself as to its form and contents. SLS and U.S. Bank admit the quoted language in Paragraph 42 is consistent with O.C.G.A. § 44-14-3(b)(1). SLS and U.S. Bank deny any remaining allegations of Paragraph 42.

43. To the extent Paragraph 44 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 43.

44. To the extent Paragraph 44 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 44.

## Count Two – Declaratory Judgment Regarding the Cancellation of the Security Deed and Assignment and the Satisfaction of the Note

45. Paragraph 45 describes the Plaintiffs' contentions, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 45, deny that the Note has been paid in full, and deny that the Security Deed and Assignment should be cancelled.

46. SLS and U.S. Bank deny the allegations of Paragraph 46 of the Complaint.

47. SLS and U.S. Bank deny the allegations of Paragraph 47 of the Complaint.

48. SLS and U.S. Bank deny the allegations of Paragraph 48 of the Complaint. SLS and U.S. Bank further state that it is the only party with a title interest in the Subject Property.

49. Paragraph 49 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 49 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

### Count Three – Breach of Contract

50. To the extent Paragraph 50 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, the cited case law speaks for itself as to its form and contents. SLS and U.S. Bank deny the remaining allegations of Paragraph 50.

51. To the extent Paragraph 51 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, the cited case law speaks for itself as to its form and contents. SLS and U.S. Bank deny the remaining allegations of Paragraph 51.

52. To the extent Paragraph 52 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, the Georgia Code section and case law cited in Paragraph 52 of the Complaint speak for themselves as to their form and contents.

53. To the extent Paragraph 53 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, the cited case law speaks for itself as to its form and contents. SLS and U.S. Bank deny the remaining allegations of Paragraph 53.

54. SLS and U.S. Bank deny the allegations of Paragraph 54 of the Complaint. SLS further states that it is not a party to the Security Deed or Assignment.

55. SLS and U.S. Bank deny the allegations of Paragraph 55 of the Complaint. SLS further states that it is not a party to the Note, Security Deed, or Assignment.

56. SLS and U.S. Bank deny the allegations of Paragraph 56 of the Complaint.

### Count Four – Specific Performance

57. SLS and U.S. Bank admit that on April 5, 2019 SLS sent a letter advising the Estate of Katie R. Patterson that the amount sent on April 1 was insufficient to pay off the mortgage. The letter indicated that an additional $15,827 was due as of April 11, 2019 at 3:00 p.m.; however, SLS and U.S. Bank state that this letter was not a formal payoff quote and it did not include all attorney's

fees and costs recoverable under the Note and Security Deed. SLS and U.S. Bank deny the remaining allegations of Paragraph 57.

58. SLS and U.S. Bank deny the allegations of Paragraph 58 of the Complaint.

59. SLS and U.S. Bank deny the allegations of Paragraph 59 of the Complaint.

60. Paragraph 60 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 60 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

### Count Five – Slander of Title

61. SLS and U.S. Bank deny the allegations of Paragraph 61.

62. SLS and U.S. Bank deny the allegations of Paragraph 62 of the Complaint.

63. SLS and U.S. Bank deny the allegations of Paragraph 63 of the Complaint.

64. SLS and U.S. Bank deny the allegations of Paragraph 64 of the Complaint.

65. SLS and U.S. Bank deny the allegations of Paragraph 65 of the Complaint.

66. Paragraph 66 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 66 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

### Count Six – Interference with Enjoyment of Property

67. The Georgia Code section recited in Paragraph 67 of the Complaint speaks for itself as to its form and contents. SLS and U.S. Bank admit the quoted language in Paragraph 67 is consistent with O.C.G.A. § 51-9-1. SLS and U.S. Bank deny any remaining allegations of Paragraph 67.

68. SLS and U.S. Bank deny the allegations of Paragraph 68 of the Complaint.

69. SLS and U.S. Bank deny the allegations of Paragraph 69 of the Complaint.

70. SLS and U.S. Bank deny the allegations of Paragraph 70 of the Complaint.

71. To the extent Paragraph 71 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 71 of the Complaint.

72. SLS and U.S. Bank deny the allegations of Paragraph 72 of the Complaint.

73. SLS and U.S. Bank deny the allegations of Paragraph 73 of the Complaint.

74. SLS and U.S. Bank deny the allegations of Paragraph 74 of the Complaint.

75. Paragraph 75 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 75 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

## Count Seven – Infliction of Emotional Distress

76. To the extent Paragraph 76 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, the cited case law speaks for itself as to its form and contents. SLS and U.S. Bank deny the remaining allegations of Paragraph 76 of the Complaint.

77. SLS and U.S. Bank deny the allegations of Paragraph 77 of the Complaint.

78. SLS and U.S. Bank deny the allegations of Paragraph 78 of the Complaint.

79. SLS and U.S. Bank deny the allegations of Paragraph 79 of the Complaint. SLS and U.S. Bank further state that the Estate of Katie R. Patterson is a legal entity, and as such, cannot suffer emotional distress.

80. SLS and U.S. Bank deny the allegations of Paragraph 80 of the Complaint.

## Count Eight - Georgia Fair Business Practices Act ("FBPA")
## O.C.G.A. §§ 10-1-390 et seq.

81. To the extent Paragraph 81 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank lack sufficient information or

knowledge to form a belief as to the allegations contained in Paragraph 81 of the Complaint and therefore deny them.

82. To the extent Paragraph 82 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank lack sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 82 of the Complaint and therefore deny them.

83. To the extent Paragraph 83 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank state that the cited case law speaks for itself as to its form and contents. SLS and U.S. Bank deny any remaining allegations of Paragraph 83.

84. The Georgia Code section recited in Paragraph 84 of the Complaint speaks for itself as to its form and contents. SLS and U.S. Bank admit the quoted language in Paragraph 84 is consistent with O.C.G.A. § 10-1-391(a). SLS and U.S. Bank deny any remaining allegations of Paragraph 84.

85. To the extent Paragraph 85 of the Complaint asserts a legal conclusion, no response is required. SLS and U.S. Bank admit that its counsel received a demand letter from Plaintiffs on or about February 5, 2021. SLS and U.S. Bank deny any remaining allegations of Paragraph 85.

86. SLS and U.S. Bank deny the allegations of Paragraph 86. SLS and U.S. Bank further state that it sent a response to the February 5, 2021 demand letter through its counsel on March 10, 2021.

87. SLS and U.S. Bank deny the allegations of Paragraph 87.

88. SLS and U.S. Bank deny the allegations of Paragraph 88.

89. SLS and U.S. Bank deny the allegations of Paragraph 89.

90. SLS and U.S. Bank deny the allegations of Paragraph 90.

91. SLS and U.S. Bank deny the allegations of Paragraph 91.

92. Paragraph 92 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 92 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

### Count Nine – Punitive Damages under the FBPA

93. SLS and U.S. Bank deny the allegations of Paragraph 93.

94. To the extent Paragraph 94 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 94.

95. SLS and U.S. Bank deny the allegations of Paragraph 95 of the Complaint.

### Count Ten – Equitable Relief under the FBPA

96. To the extent Paragraph 96 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank admit O.C.G.A. § 10-1-399 of the Fair Business Practices Act provides for equitable relief.

97. SLS and U.S. Bank deny the allegations of Paragraph 97 of the Complaint.

98. SLS and U.S. Bank deny the allegations of Paragraph 98 of the Complaint.

99. Paragraph 99 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 99 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

100. SLS and U.S. Bank deny the allegations of Paragraph 100 of the Complaint.

### Count Eleven – Common Law Tort Claim

101. To the extent Paragraph 101 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank state that the case

law cited speaks for itself as to its form and contents. SLS and U.S. Bank deny any remaining allegations of Paragraph 101.

102. SLS and U.S. Bank deny the allegations of Paragraph 102 of the Complaint.

103. SLS and U.S. Bank deny the allegations of Paragraph 103 of the Complaint.

### Count Twelve - Punitive Damages

104. SLS and U.S. Bank deny the allegations of Paragraph 104 of the Complaint.

105. To the extent Paragraph 105 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank state that the cited case law speaks for itself as to its form and contents. SLS and U.S. Bank deny any remaining allegations of Paragraph 105.

106. To the extent Paragraph 106 of the Complaint asserts a legal conclusion, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 106.

107. Paragraph 107 describes the relief sought and, as such, no response is required. To the extent a response is required, SLS and U.S. Bank deny the allegations of Paragraph 107 and deny that Plaintiffs are entitled to any relief whatsoever in this case.

### Count Nine - Attorney's Fees and Interest

108. SLS and U.S. Bank deny the allegations of Paragraph 108 of the Complaint.

### Demand for a Jury Trial

109. No response is required to Plaintiffs' demand for a jury trial. To the extent a response is required, SLS and U.S. Bank deny that Plaintiffs are entitled to trial by jury on some or all of their claims.

### SLS AND U.S. BANK'S ANSWER TO PLAINTIFF'S WHEREFORE CLAUSES, PRAYER FOR RELIEF, JURY DEMAND, AND GENERAL DENIAL

SLS and U.S. Bank deny that Plaintiff is entitled to any relief, including that asserted in the "WHEREFORE" clause of the Complaint and Plaintiff's prayer for relief. Further, each and every allegation in Plaintiff's Complaint which is not specifically and unequivocally admitted is denied. SLS and U.S. Bank reserve the right to amend and/or supplement its Answer and to raise any additional defenses that SLS and U.S. Bank may become aware of through discovery or otherwise.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, on the grounds that they fail to state a claim upon which relief can be granted as to SLS or U.S. Bank and further fail to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief.

2. Plaintiffs lack standing to assert some or all of the claims made in the Complaint.

3. Plaintiffs' claims are barred, in whole or in part, because SLS and U.S. Bank breached no duties owed to Plaintiffs.

4. Plaintiffs' claims are barred in whole or in part because SLS was not a party to a contract with the Plaintiffs.

5. Plaintiffs' claims are barred in whole or in part because Clinton Patterson, individually, lacks standing to assert claims in that capacity.

6. Plaintiffs' request for emotional distress damages on behalf of the Estate lacks merit as the Estate is a legal entity incapable of suffering emotional distress as a matter of law.

7. Plaintiffs' claims are barred by waiver and/or estoppel.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

9. Plaintiffs' claims are barred by the assumption of the risk doctrine because they voluntarily assumed the risks of the transaction at issue and the losses allegedly incurred.

10. Plaintiffs' claims are barred by a failure of consideration.

11. Plaintiffs' claims are barred, in whole or in part, by a failure of a condition precedent.

12. Plaintiffs are barred and estopped from asserting their claims against Defendants, in whole or in part, because of Plaintiffs' own actions and/or the actions of Plaintiffs' agents.

13. Plaintiffs' alleged losses, if any, were proximately caused by their own decisions, conduct, and/or negligence, not by any action or inaction on the part of Defendants. Plaintiffs are therefore barred from recovery based on their own negligence, contributory negligence, or comparative negligence.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

15. Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

16. Defendants reserve the right to add additional affirmative defenses as they become known.

## **RESERVATION OF RIGHTS**

SLS and U.S. Bank reserve the right to assert additional defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserves the right to amend its Answer to assert such additional affirmative defenses in the future.

WHEREFORE, SLS and U.S. Bank pray as follows:

(1) That Plaintiff's action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM OF U.S. BANK NATIONAL ASSOCIATION

Defendant U.S. Bank National Association ("U.S. Bank") as Trustee for the Master Asset Backed Securities Trust 2006-AB1, Mortgage Pass-Through Certificates, Series 2006-AB1 (the "Trust") hereby states its Counterclaim against Plaintiff the Estate of Katie R. Patterson (the "Estate").

### PARTIES

1. U.S. Bank is a National Bank Association formed pursuant to the National Bank Act. It's main office is located in Ohio. U.S. Bank is authorized to transact business in the State of Georgia.

2. Upon information and belief, the Estate is an Estate probated in the Probate Court of McDuffie County, Georgia and its administrator is Clinton A. Patterson.

### VENUE AND JURISDICTION

3. Because this Court has subject matter jurisdiction over Plaintiffs' claims, it also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Defendant U.S. Bank's Counterclaims against the Estate.

4. Venue is proper in this Court, and the Estate and its Administrator are subject to the personal jurisdiction of this Court.

### FACTS

5. On or about September 1, 2005, Katie R. Patterson ("Mrs. Patterson") executed a promissory note (the "Note") evidencing a loan secured by residential real property located at 1913 Mattox Creek Drive, Thomson, GA 30824.

6. According to the terms of the Note, Mrs. Patterson agreed to repay $247,500.00 plus interest at a rate of 7.500% per annum to the order of Wells Fargo and its successors and assigns. Mrs. Patterson further agreed to pay principal and interest by making a payment

each month in the amount of $1,730.56 beginning on November 1, 2005 for a term of 30 years.

7. Subsequent to the execution of the Note, but before Mrs. Patterson defaulted on the Note, Wells Fargo endorsed the Note in blank and transferred the Note to U.S. Bank. A true and correct copy of the endorsed Note is attached hereto as **Exhibit A.**

8. The Note was Secured by a Security Deed, which was recorded with the Clerk of Superior Court of McDuffie County, Georgia in Deed Book 418, Page 480, *et seq.*, A true and correct copy of the Security Deed is attached hereto as **Exhibit B**.

9. On or around June 24, 2015, Wells Fargo assigned the Security Deed to U.S. Bank. A copy of the Corporate Assignment of Security Deed recorded with the Clerk of Superior Court of McDuffie County, Georgia in Deed Book 633, Page 886, *et seq.*, is attached as **Exhibit C**.

10. Mrs. Patterson, and subsequent to her passing, her Estate, has failed to repay the Note according to the terms.

11. As a result of Mrs. Patterson and her Estate's default, Wells Fargo accelerated the balance due under the Note on or about June 15, 2018.

12. As of April 2, 2019, the outstanding balance of the Note was $221,103.82.

13. The Estate's payments in April 2019 of $202,531.95 and $16,114.91 totaled $218,646.86, which was not sufficient to pay off the Note.

14. The current balance due is $22,368.97.

## COUNT I: BREACH OF CONTRACT

15. Paragraphs 1 through 10 are incorporated herein by reference as if set forth in full.

16. As a direct result of Plaintiff's breach of the Note, U.S. Bank is entitled to the current balance due on the loan, $22,368.97.

WHEREFORE, Defendant SLS prays that this Court dismiss Plaintiffs' action in its entirety; grant judgment against the Estate of Katie R. Patterson and in U.S. Bank's favor with respect to U.S. Bank's Counterclaim; order that Plaintiff pay SLS and U.S. Bank's reasonable attorneys' fees and other expenses of litigation; and grant SLS such other and further relief that the Court deems just and proper.

Dated:  May 7, 2021

Respectfully submitted,

*/s/ Christine R. Emello*
Christine R. Emello
Georgia Bar No. 151598
Sarah T. Reise (Admitted  *pro hac vice*)
Georgia Bar No. 181567
BALLARD SPAHR LLP
999 Peachtree Street
Suite 1600
Atlanta, GA 30309-3915
Telephone: 678-420-9379
Facsimile: 678-420-9301
emelloc@ballardspahr.com
reises@ballardspahr.com

*Counsel for Defendants Specialized Loan Servicing, LLC and U.S. Bank National Association as Trustee for the Master Asset Backed Securities Trust 2006-AB1, Mortgage Pass-Through Certificates, Series 2006-AB1*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM with the Clerk of Court using the CM/ECF system, which will automatically serve the following parties:

Charles W. Willis<br>
WILLIS LAW FIRM LLC<br>
318 Jackson Street, P.O. Box 1620<br>
Thomson, GA 30824<br>
*Counsel for Plaintiffs*

Dated: May 7, 2021

*/s/ Christine R. Emello*
Christine R. Emello
Georgia Bar No. 151598
BALLARD SPAHR LLP
999 Peachtree Street
Suite 1600
Atlanta, GA 30309-3915
Telephone: 678-420-9379
Facsimile: 678-420-9301
emelloc@ballardspahr.com

*Counsel for Defendants Specialized Loan Servicing, LLC and U.S. Bank National Association as Trustee for the Master Asset Backed Securities Trust 2006-AB1, Mortgage Pass-Through Certificates, Series 2006-AB1*