IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLINTON A. PATTERSON, individually, and CLINTON A. PATTERSON, as administrator of the Estate of Katie R. Patterson, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 121-074 |
| SPECIALIZED LOAN SERVICING, LLC and U.S. NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTER ASSET BACKED SECURITIES TRUST 2006-AB1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AB1, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Defendant Specialized Loan Servicing, LLC ("SLS') requests a stay of the proceedings pending Plaintiffs' payment of attorneys' fees and costs incurred in a prior action, pursuant to Fed. R. Civ. P. 41(d). The Court **REPORTS** and **RECOMMENDS** SLS's motion be **DENIED**. (Doc. no. 11.)

I.   **Background**

On July 1, 2020, Plaintiffs filed suit against SLS in the Superior Court of McDuffie County, and SLS removed the action to this Court on the basis of federal question jurisdiction on August 10, 2020. Patterson v. Specialized Loan Servicing, LLC, CV 120-112, doc. no. 1 (S.D. Ga. Sept. 29, 2020). In this first action, Plaintiffs alleged SLS failed to apply a payoff to

a mortgage loan and release the security deed, and asserted claims for breach of contract, violation of the Fair Debt Collection Practices Act ("FDCPA"), and slander of title. Id. at 2, 10-12.

On August 14, 2020, SLS moved to dismiss the complaint for failure to state a claim. Id., doc. nos. 5-6. After receiving extensions to respond to the dismissal motion, Plaintiffs filed a voluntary dismissal on September 18, 2020. Id., doc. nos. 15, 18. On that same date, counsel for Plaintiffs informed counsel for SLS of his clients' intention to fix the pleading deficiencies highlighted in the motion to dismiss by starting over with a new complaint in a new lawsuit. (Doc. no. 15-1, p. 2.) On March 19, 2021, Plaintiffs filed suit against Defendants in the Superior Court of McDuffie County based on the same factual allegations, asserting state law claims only with no FDCPA claim, and Defendants removed to this Court based on diversity of citizenship. (Doc. no. 1.)

## II. Discussion

Fed. R. Civ. P. 41(d) provides as follows:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) is a deterrent to forum shopping, vexatious litigation, and attempts to gain a tactical advantage by dismissing and refiling. Sargeant v. Hall, 951 F.3d 1280, 1287 (11th Cir. 2020). The facts here do not justify an award of costs and fees.

The motion to dismiss by SLS achieved an outcome SLS should have reasonably anticipated, i.e., a new complaint abandoning the FDCPA claim, materially revising the

breach of contract and slander of title claims, and adding new claims. This same outcome could have occurred in the first action had Plaintiffs merely obtained leave of court to file an amended complaint. While SLS may complain dismissing and refiling forced them to remove the case twice, it was well within Plaintiffs' discretion to file the second action in state court without the federal claims, and Plaintiffs should not be penalized for SLS's decision to remove the second action based on diversity of citizenship.

That counsel for SLS had to "re-familiarize themselves with the issues" when the second action was filed is not compelling because just over five months transpired between dismissal and refiling, little transpired in the litigation before the first dismissal, and SLS knew a second lawsuit was coming. Finally, while unnecessary to decide this issue, the Court notes Rule 41(d) may not even apply because Plaintiffs originally filed the second action in state court. See Sargeant, 951 F.3d at 1288 n.2 ("We do not address whether Rule 41(d) applies where the second action is filed in state court and then successfully removed to federal court, as that scenario is not presented here.").

For these reasons, the Motion for A Stay of Proceedings Pending the Payment of Costs, Including Attorneys' Fees Pursuant to Rule 41(d) should be **DENIED**. (Doc. no. 11.)

SO REPORTED and RECOMMENDED this 15th day of June, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA